**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| MARGARET M. BRADLEY,<br>Appellant, | DOCKET NUMBER<br>CH-0831-13-4538-I-1 |
| v. | |
| OFFICE OF PERSONNEL<br>MANAGEMENT,<br>Agency. | DATE: August 6, 2014 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Margaret M. Bradley</u>, Euclid, Ohio, pro se.

<u>Cynthia Reinhold</u>, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the Office of Personnel Management (OPM)'s reconsideration decision finding that the appellant was not entitled to a survivor annuity as a former spouse.  Generally, we grant petitions such as this one only when:  the initial

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The appellant filed an initial appeal challenging OPM's reconsideration decision, which found that she was not entitled to a survivor annuity under the Civil Service Retirement System (CSRS) as the former spouse of the late Leroy Bradley. Initial Appeal File (IAF), Tab 1. In particular, the decision indicated that the appellant was not eligible for a survivor annuity because Mr. Bradley was not eligible for retirement at the time of his death in April 1978, and the Bradleys divorced in 1974, when "divorced spouses of deceased employees were not eligible for annuity benefits." *Id.* at 8. In her appeal, the appellant alleged that she "deserve[d]" a survivor annuity because: (1) "Leroy was active with the government for 22 years"; (2) "[h]e was eligible to retire"; (3) she worked until she was 75 years old; and (4) she is in need of the benefits to pay for medical expenses. *Id.* at 1-2, 5. In response, OPM affirmed its position from the reconsideration decision. IAF, Tab 4 at 4. The appellant did not request a hearing, IAF, Tab 1; *see* IAF, Tab 5, but submitted letters and other evidence in support of her arguments, *see* IAF, Tab 1, Tab 8.

¶3    In his initial decision, the administrative judge based his finding on the following undisputed facts: the appellant married Leroy Bradley in 1953; they were divorced in 1974; Mr. Bradley was shot and killed in April 1978; at the time of his death, Mr. Bradley was 51 years old and employed by the United States Postal Service; and Mr. Bradley had 22 years of CSRS service credit.  Initial Decision (ID) at 2.  The administrative judge found that, because Mr. Bradley did not qualify for retirement due to his age and length of creditable CSRS service at the time of his death, the appellant, likewise, was ineligible to receive a survivor annuity.  ID at 3.  Because OPM correctly denied the appellant's application for a survivor annuity as a former spouse, the administrative judge affirmed OPM's reconsideration decision.  ID at 4.

¶4    In her timely filed petition for review, the appellant reasserts her claims that she is entitled to a survivor annuity as a former spouse of Mr. Bradley.  Petition for Review (PFR) File, Tab 1 at 3-6.  Specifically, the appellant alleges that she "deserves" the annuity because:  (1) "Leroy was a 22 year employee at the [Post Office] and also spent 3 years in the army"; (2) Leroy's age at the time of his death should not have been considered in determining her entitlement to an annuity; and (3) she is in need of the annuity to cover her medical expenses.  *Id.* at 4, 6, 10.  OPM did not respond.  *See* PFR File.

¶5    As the administrative judge correctly identified, the appellant has the burden of proving her entitlement to a survivor annuity by preponderant evidence.  *See Cheeseman v. Office of Personnel Management*, 791 F.2d 138, 141 (Fed. Cir. 1986); *Gilliam v. Office of Personnel Management*, 91 M.S.P.R. 352, ¶ 9 (2002); 5 C.F.R. § 1201.56(a)(2).  Based upon our review of the relevant statutory provisions and case law, we agree with the administrative judge that the appellant has not shown that she is legally entitled to a survivor annuity.

¶6    The Spouse Equity Act, Pub. L. No. 98-615, § 4(b)(1), as amended, provides that "a former spouse of an employee or Member who retired before May 7, 1985, or who died after becoming eligible to retire before such date . . . "

is entitled to a survivor annuity.[2]  *See* [5 U.S.C. § 8341](#) note.  As the administrative judge correctly stated, OPM's regulations mirror the statutory provisions of the Spouse Equity Act.  *See* [5 C.F.R. § 831.683](#)(a).  In order to perfect a claim to an annuity as a former spouse, the appellant must have been the spouse of an "employee" who "retired" before May 7, 1985, or an "employee" who died before May 7, 1985, after becoming "eligible to retire."[3]  *Dickerson v. Office of Personnel Management*, [47 M.S.P.R. 109](#), 112 (1991).  To be eligible to retire under the CSRS, the "employee" must be:  (1) age 55 with at least 30 years of service; (2) age 60 with at least 20 years of service; or (3) age 62 with at least 5 years of service.  *See* [5 U.S.C. § 8336](#)(a), (b), (f).

¶7      By the appellant's own evidence, she does not meet these basic eligibility requirements.  Because Mr. Bradley was only age 51 with 22 years of service when he died, PFR File, Tab 1 at 4, he was not retirement eligible.[4]

---

[2] The Civil Service Retirement Spouse Equity Act of 1984, Pub. L. No. 98-615, 98 Stat. 3195, *as amended* by The Federal Employees Benefits Improvement Act, Pub. L. No. 99-251, § 201, 100 Stat. 14, 20 (1986).

[3] On February 27, 1986, Congress amended the Act, which eliminated the requirement that the dissolution of the marriage had to occur after September 14, 1978, if certain conditions were met.  *See* Pub. L. No. 99-251, § 201(b), 100 Stat. 22; *Heffield v. Office of Personnel Management*, [32 M.S.P.R. 94](#), 95-96 (1987).  Therefore, applicants like the appellant, who divorced in 1974, are no longer per se barred from receiving benefits based solely on the date of divorce.

[4] As below, IAF, Tab 1 at 5, the appellant argues on review that Mr. Bradley's 3 years of military service should be credited for retirement purposes, *see* PFR File, Tab 1 at 4.  The agency did not refute this argument below or on review, and the administrative judge did not address it in his initial decision.  We briefly address this claim now because, under certain circumstances, military service can constitute creditable service, *see, e.g.*, *McCarthy v. Office of Personnel Management*, [41 M.S.P.R. 327](#), 329 (1989).  However, even assuming for the sake of argument that Mr. Bradley's military service qualified and raises his years of service to 25, his years of creditable service are still below the required 30 years, and he lacked the requisite age to retire at the time of his death.  *See* [5 U.S.C. § 8336](#)(a), (b), (f).  Thus, we find that the administrative judge's failure to consider the effect of Mr. Bradley's military service on his retirement eligibility did not prejudice the appellant's substantive rights.  *See Panter v. Department of the Air Force*, [22 M.S.P.R. 281](#), 282 (1984) (an adjudicatory error that is

Consequently, because he was ineligible to receive retirement benefits, by extension, the appellant is ineligible to receive a survivor annuity based on those benefits. As a result, we agree with the administrative judge that the appellant is not entitled to a survivor annuity as a former spouse of Mr. Bradley, under the provisions of the Spouse Equity Act.

¶8    While we are mindful of the appellant's unfortunate situation, equitable considerations cannot justify payment of an annuity benefit when the applicant fails to the meet the statutory requirements, which are established by Congress. *See Office of Personnel Management v. Richmond*, 496 U.S. 414, 416, 434 (1990). Therefore, we agree with the administrative judge that OPM correctly denied the appellant's application for a survivor annuity as a former spouse, and we find that the appeal was properly dismissed on that basis.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.